OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiif Cantor Fitzgerald Incorporated (CFI), was the successor lessee of a 1978 lease with defendant Port Authority of New York and New Jersey for office space at One World Trade Center, New York City. Port Authority retained a total of $177,000 as a security deposit for the premises. On September 25, 1992, pursuant to an assignment of assets agreement (Asset Agreement), CFI transferred and assigned to defendant Cantor Fitzgerald, L.P. (CFLP) “all its assets * * * tangible or intangible, wherever situated,” except for certain specified exceptions, including the lease. The Asset Agreement did not specifically mention the security deposit. Subsequent to the assignment of assets, CFI and CFLP created Cantor Fitzgerald Securities (CFS) as a general partnership between the parties.
*921 In 1996, CFI assigned the lease to CFS. A dispute arose as to who owned the underlying security deposit related to the lease. CFLP maintains that the security deposit was transferred as part of the general assignment of assets. CFI argues that since the lease was expressly exempt from the 1992 assignment of assets, the security deposit was also excluded. CFI moved, and CFLP cross-moved, for summary judgment. Supreme Court granted summary judgment to CFLP and the Appellate Division affirmed. On this appeal both sides argue that they are entitled to summary judgment as a matter of law.
The various agreements between the parties do not specifically mention the disposition of the security deposit, and the intent of the parties concerning that asset cannot be gleaned unambiguously from those instruments alone. Nevertheless, a review of the record reflects that CFS carried the security deposit as an asset of the business during the period that the companies were under the common control of their founder. Thus, we conclude that the intent of these parties in entering the Asset Agreement was for CFI to retain its rights and privileges to the leased premises and to assign CFI’s interest in the security deposit to CFLP as part of the general transfer of assets.
Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
Order affirmed, with costs, in a memorandum.